# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20405

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2019

Lyle W. Cayce
Clerk

PPD ENTERPRISES, L.L.C.,

      Plaintiff - Appellee Cross-Appellant

v.

STRYKER CORPORATION; STRYKER SALES CORPORATION; MAKO SURGICAL CORP.; HOWMEDICA OSTEONICS CORP., doing business as Stryker Orthopaedics,

      Defendants - Appellants Cross-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-507

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    This appeal arises out of a contractual dispute between PPD Enterprises, L.L.C. (PPD), a distributor of medical devices, and MAKO Surgical Corporation (MAKO), a medical device manufacturer. PPD sued MAKO, along with its parent company, Stryker Corporation (Stryker), and two Stryker subsidiaries, Stryker Sales Corporation (Stryker Sales) and Howmedica Osteonics

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20405

Corporation (Howmedica), alleging that MAKO breached its contract with PPD and asserting a claim of tortious interference with PPD's business relationships. The district court summarily dismissed the tortious interference claim and—following a jury trial—entered a money judgment for PPD on the breach of contract claim. MAKO appeals, arguing that it is entitled to judgment as a matter of law, or alternatively, a new trial. MAKO and the Stryker defendants also appeal a motion to reconsider that was stricken for noncompliance as well as the district court's refusal to award costs in connection with a summary judgment. PPD cross-appeals, challenging the district court's summary judgment rulings as to its tortious interference with business relations claim. We AFFIRM.

In June 2013, MAKO and PPD entered into a "Sales Representative Agreement" (the Agreement) for an initial term of two years. Pursuant to the Agreement, PPD became MAKO's exclusive Houston-area sales representative for the MAKO RESTORIS partial knee and total hip implant systems and related consumables and instruments. MAKO was soon after acquired by Stryker Corporation and became a wholly owned subsidiary of Stryker. In October 2014, MAKO notified PPD that it was terminating the Agreement prematurely, claiming that it was entitled to terminate because PPD had materially and incurably breached the Agreement. MAKO cited generally to PPD's alleged violation of Section 4.1 of the Agreement regarding PPD's "ongoing responsibilities."

PPD denied any noncompliance and, in response, brought suit against MAKO for breach of contract based on its early termination. PPD also alleged that Stryker, Stryker Sales, and Howmedica, along with MAKO, "knowingly and intentionally interfered with PPD's business relationships" with Dr. Freedhand and Memorial Hermann. MAKO counterclaimed, reiterating its view that its termination was justified as a result of PPD's material breach and

alleging that PPD "among other things" sold products for a MAKO competitor during the contract term. All parties moved for summary judgment.

The district court denied PPD's motion but granted the defendants' motion in part. The court dismissed PPD's tortious interference claim, but allowed the parties' competing contract claims to proceed to a jury trial.[1] During the trial, MAKO moved more than once for judgment as a matter of law (JMOL) under the rationale that PPD first breached the Agreement, which permitted MAKO's termination. In addition, MAKO objected vigorously to the testimony of Teresa Ford, a lawyer who represented PPD during the negotiation of its agreement with MAKO, to no avail. Each motion for JMOL was denied, and Ford was allowed to testify.

Following a five-day trial, the jury returned a verdict in favor of PPD, finding by a preponderance of the evidence that "MAKO breached the agreement . . . by terminating it without sufficient reason to do so." MAKO renewed its motion for JMOL and, in the alternative, moved for a new trial in light of Ford's purportedly prejudicial testimony. The district court denied both motions and entered judgment on the verdict. PPD was awarded damages in the amount of $232,331.50, as well as prejudgment and postjudgment interest.

On appeal, the defendants renew their arguments for JMOL and their objections to Ford's testimony. Additionally, they argue that PPD failed to offer sufficient proof of its damages; that the district court erred in striking for noncompliance their motion for reconsideration challenging the prejudgment interest calculation; and that, as prevailing parties, Stryker, Stryker Sales, and Howmedica should have been awarded costs when the district court dismissed PPD's tortious interference claim. PPD cross-appeals, challenging

---

[1] In a separate motion, PPD moved the district court to reconsider its summary judgment rulings, but that motion was also denied.

the dismissal of the tortious interference claim but otherwise urging affirmance.

This appeal has been vetted in every sense. In addition to our thorough study of the briefs, we have heard the oral arguments of the parties and their answers to the questions that we have raised. We have now reviewed all relevant parts of the record and consulted applicable law. We see no reason to disturb the verdict of the jury or the partial summary judgment order entered by the district court. We simply have found no reversible error or abuse of discretion. Accordingly, we AFFIRM the judgment of the district court.